**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4167**

———————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

ANDRE MICHAEL HARPER,

> Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:14-cr-00045-RGD-LRL-1)

———————

Submitted: October 27, 2015      Decided: January 5, 2016

———————

Before NIEMEYER, MOTZ, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia; Keith Loren Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Brian James Samuels, Assistant United States Attorney, Jennifer Regina Sykes, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Michael Harper appeals the district court's judgment after pleading guilty to bank robbery in violation of 18 U.S.C. § 2113(a) (2012) and two counts of possessing and uttering counterfeited securities in violation of 18 U.S.C. § 513(a) (2012). Harper's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the issue of whether Harper's guilty plea was knowing and voluntary where he contends that the district court plainly erred under Fed. R. Crim. P. 11(b)(1)(E). This court notified Harper of his right to file a pro se supplemental brief but he has not done so. We affirm.

"[F]or a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "It must reflect 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Id. (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of

2

truthfulness." Id. (citation and internal quotation marks omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002). We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, a guilty plea may be knowingly and intelligently made based on detailed information received before the plea hearing. See id. at 117; see also Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (trial court may rely on counsel's assurance that the defendant was properly informed of the elements of the crime).

When a defendant does not seek to withdraw his guilty plea in the district court, we review any claims that the court erred at his guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 524, 527 (4th Cir. 2002). It is the defendant's burden to show (1) error; (2) that the error was plain; (3) that the error affected his substantial rights; and (4) that we should exercise our discretion to notice the error.

See id. at 529, 532. To show that the error affects substantial rights, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We have reviewed the record and conclude that Harper fails to show plain error that affects his substantial rights, and that his guilty plea was knowing and voluntary under the totality of the circumstances. Harper's decision to plead guilty was a voluntary and intelligent choice among the alternative courses of action open to him.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Harper, in writing, of his right to petition the Supreme Court of the United States for further review. If Harper requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4